[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Appellant Dusty Byrd was convicted of one count of domestic violence in violation of R.C. 2919.25 and was sentenced to three years of community control. In his appeal, he challenges both the sufficiency and the weight of the evidence sustaining his conviction.
In deciding a weight-of-the-evidence challenge, we must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether, in resolving conflicts in the evidence, the jury clearly lost its way and created a manifest miscarriage of justice.[1] In contrast, a review of a sufficiency-of-the-evidence challenge requires us to determine whether the evidence, viewed in a light most favorable to the state, could have convinced any reasonable trier of fact beyond a reasonable doubt that the defendant had committed the offense for which he was convicted.[2]
Evidence was presented that Byrd and Shawnda Head, the mother of his child, had a verbal altercation that culminated in Byrd grabbing Head's arm through an open car window and hitting her in the right eye with his fist. The altercation ended when Eugene Lemons, a mutual friend of the couple, pulled up in his car. (The friend was a neighbor of Byrd's and had met Head when Byrd began dating her.) Head left and drove to the police station. She told police officers what had occurred, and an officer photographed her injuries. Cincinnati Police Officer Kevin Kroger observed the red mark on Head's face and a bruise on her arm, and he took her statement. He testified that Head was upset and crying.
Lemons testified that Head swung at Byrd to grab a necklace from around his neck, and that she snapped it off his neck as she tried to pull Byrd into her car. Lemons testified that Bryd was calm and that he did not observe any marks on her.
Byrd argues that because (1) Head's testimony about whether Lemon had tried to intervene in the altercation was inconsistent with what she had told Officer Kroger; (2) Head admitted on cross-examination that she had had contact with Byrd, thereby contradicting her testimony on direct examination; (3) and Lemon's testimony demonstrated that the Head had been the aggressor, his conviction was not sustained by sufficient evidence and was against the weight of the evidence. We disagree.
The evidence, viewed in a light most favorable to the state, was sufficient to demonstrate beyond a reasonable doubt that Byrd had knowingly caused physical harm to a family or household member in violation of R.C. 2919.25. Thus, we overrule Byrd's first assignment.
Furthermore, recognizing that "the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact,"[3]
and that the trier of fact is free to believe all, part, or none of the testimony of each witness,[4] we conclude that this is not the exceptional case requiring us to grant a new trial. Therefore, we overrule Byrd's second assignment.
The judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Winkler and Shannon, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
[1] See State v. Martin (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717,720.
[2] See State v. Jenks (1991), 61 Ohio St.3d 259-260, 574 N.E.2d 492, paragraph two of the syllabus.
[3] See State v. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus.
[4] See State v. Antill (1964), 176 Ohio St. 61, 197 N.E.2d 548.